UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD GORNY, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff**,<br><br>v.<br><br>**WAYFAIR INC. and WAYFAIR LLC**<br><br>**Defendants** | **Case No. 1:18-cv-08259-MFK**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO CLARIFY OR AMEND THE JUNE 7, 2019 ORDER COMPELLING ARBITATION**

Plaintiff Ronald Gorny ("Plaintiff"), on behalf of himself and all person similarly situated ("the Class"), hereby moves the Court to Clarify or Amend the June 7, 2019 Order Granting Arbitration, and in support thereof states as follows:

1. On June 7, 2019, this Court entered an order granting Defendants' motion to stay these proceedings and to compel arbitration and administratively terminated the case ("Order"). [Dkt. No. 30].

2. Plaintiff appealed the Order compelling arbitration on July 3, 2019 (Case No. 19-2276), and on July 10, 2019, the Seventh Circuit issued an order requiring Plaintiff to submit a brief memorandum explaining why the appeal should not be dismissed for lack of jurisdiction. [App. Dkt. 2]. The Seven Circuit requires the memorandum because it is concerned that this Court's Order was not a final and appealable order because it stayed, rather than outright dismissed Plaintiff's claims, and because it *administratively* terminated the case. [Dkt. No. 30]. Because the law is unsettled with respect to orders such as this, and to save the parties and Seventh Circuit time and resources, Plaintiff asks this court to clarify and/or amend the Order to provide that each of Plaintiffs' claims are dismissed without prejudice as a result of the compelled arbitration.

Alternatively, Plaintiff asks that Order be clarified to provide that the matter is terminated, rather than administratively terminated.

3. In support of his request, Plaintiff notes that in cases where *all* of the issues are referable to arbitration (as the Court has found here), courts have compelled arbitration and dismissed the claims rather than merely staying the proceedings. For example, in *Shaw v. D.L.J. Pershing*, 78 F. Supp. 2d 781, 783 (N.D. Ill. 1999), Judge Lindberg granted the defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction) after finding the parties' arbitration agreement required arbitration of all the claims in the complaint. *See also Denari v. Rist*, No. 10-cv-2704, 2011 WL 332543, at *11 (N.D. Ill. Jan. 31, 2011) ("And because this opinion resolves all of the issues raised in Plaintiff's complaint and determines that those issues must be submitted to arbitration, dismissal is the appropriate disposition."); *U.S. & Int'l Travel & Tours v. Tarom*, 98 F. Supp. 2d 979, 981 (N.D. Ill. 2000) ("'[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.'") (collecting cases).

                                    Respectfully submitted,

Dated: July 3, 2019                  */s/ Katrina Carroll*
                                         **CARLSON LYNCH, LLP**
                                         Katrina Carroll
Kyle Shamberg
Nicholas Lange
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Phone: 312-750-1265
Email: kcarroll@carlsonlynch.com
Email: kshamberg@carlsonlynch.com
Email: nlange@carlsonlynch.com

**CONSUMER PROTECTION LEGAL, LLC**
Tiffany M. Yiatras (#6286795)
308 Hutchinson Road

        Ellisville, Missouri 63011-2029
        Telephone: 314-541-0317
        tiffany@consumerprotectionlegal.com

        ***Attorneys for Plaintiff and the Proposed Classes***

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2019, the foregoing Notice of Change of Firm Affiliation was filed electronically. Notification of this filing will be sent to all parties via the Court's CM/ECF system.

Date: July 18, 2019

                                                         Katrina Carroll